Kara H. North (13564)
MOXIE LAW GROUP
2100 W. Pleasant Grove Blvd, Ste 450B
Pleasant Grove, UT 84062
Telephone: 801-599-0691
Fax: 801-401-7368
kara@moxielawgroup.com
Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| WILLIAM SHAKE, an individual,<br><br>Plaintiff,<br><br>v.<br><br><br>AEGION CORPORATION, a MISSOURI CORPORATION, INSITUFORM TECHNOLOGIES, LLC, a DELAWARE LIMITED LIABILITY COMPANY; LAAU M. HALL, an individual, JOHN DOES I-X<br><br>Defendant(s). | **COMPLAINT**<br>**JURY DEMANDED**<br><br><br><br>Case No.: 4:23-cv-00087<br><br>Judge: David Nuffer |

Plaintiff, by and through counsel of record, hereby complains and alleges against the Defendants as follows:

**PARTIES**

1. Plaintiff William Shake, is now, and was at the time of the filing of this Complaint in this matter, a citizen of the State of Utah, and a resident of Washington County, Utah.

Complaint-1

2. Defendant, Aegion Corporation (hereinafter, "Aegion"), is now, and was at the time of the filing of the Complaint in this matter, a Missouri Corporation, with its principal place of business located at 580 Goddard Avenue, Chesterfield Missouri 63005.

3. Defendant, Insituform Technologies, LLC (hereinafter, "Insituform"), is a Delaware Limited Liability Company, with its principal place of business located at 580 Goddard Avenue, Chesterfield Missouri 63005, and registered to operate in the State of Utah, listing Corporation Service Company, 15 West South Temple, Ste 600, as its agent for service of process within the State of Utah.

4. Defendant, Laau M. Hall (hereinafter "Hall"), is a resident of the State of Colorado, residing at 7390 Quiet Pond Lane, Colorado Springs, Colorado 80923.

## JURISDICTION AND VENUE

5. Plaintiff incorporates by reference the foregoing allegations stated in paragraphs 1-4, as though fully set forth herein.

6. This court is a court of proper jurisdiction pursuant to 28 U.S.C. §1332, in that Plaintiff's damages are in excess of $75,000.00, and Plaintiff is now, and was at the time of filing this Complaint, a domicile and citizen of a state different than all Defendants.

7. This Court is a court of proper venue pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to this claim, in part or in full, occurred in Utah County, Utah.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates by reference the foregoing allegations stated in paragraphs 1-7, as though fully set forth herein.

Complaint-2

9. Defendant Aegion is a global leader in infrastructure protection with over 6,200 employees.

10. Defendant Aegion's annual revenue in 2022 was $807.8 million.

11. Defendant Aegion is the parent company of Insituform Technologies, LLC.

12. Insituform serves both industrial and municipal clients in manufacturing and installing sewer pipes, water lines, oil pipelines, mining pipelines and other types of pipe systems.

13. Insituform's annual revenue in 2022 was $778.2 million.

14. On or about November 12, 2019, Defendant Hall was working in the employment of Defendants Insituform and/or Aegion.

15. At approximately 12:41 p.m. on November 12, 2019, Defendant Hall, while in the course and scope of his employment with Insituform and/or Aegion, was driving in an Insituform or Aegion company vehicle northbound on State Street in Orem, Utah near 800 South, hereinafter referred to as the Subject Intersection.

16. As Defendant Hall approached the Subject Intersection, Mr. Hall was not driving with his full attention, and was distracted by some other activity, other than driving.

17. As a result of his being distracted, Defendant Hall recklessly, carelessly, and negligently traveled through the Subject Intersection against a red traffic signal.

18. As a result of Defendant Hall's entering the Subject Intersection against a red traffic signal, Defendant Hall collided with the vehicle of Plaintiff, William Shake, causing significant injury and damage to the Plaintiff.

19. As a result of Defendant Hall's reckless, careless, and negligent behavior, Plaintiff William Shake incurred significant medical expenses for related treatment of injuries and will continue to do so in the future.

20. As a result of Defendant Hall's reckless, careless, and negligent behavior, Plaintiff William Shake sustained a significant head injury, and has been unable to work or maintain his businesses in the manner he did prior to the collision, causing him to suffer past and future lost wages, as well as lost earning capacity.

21. Defendant Hall received a citation for his reckless, careless, and negligent behavior which caused the collision.

## FIRST CAUSE OF ACTION
### Negligence/Gross Negligence - Defendant Hall

22. Plaintiff incorporates by reference the foregoing allegations stated in paragraphs 1-21, as though fully set forth herein.

23. Defendant Hall, was negligent and/or grossly negligent in the operation of a commercial vehicle with respect to his conduct as it relates to the above-described collision, including, but not limited to:

   a. failing to obey a traffic control signal;
   b. failure to use reasonable care;
   c. failure to maintain a proper lookout;
   d. failure to drive at a safe speed;
   e. failure to drive without distraction.

24. Defendant Hall breached these duties when he entered the Subject Intersection against a red light and collided with Plaintiff William Shake.

25. As a direct and proximate cause of Defendant Hall's negligence and/or gross negligence, Plaintiff was injured.

Complaint-4

## SECOND CAUSE OF ACTION
### Negligent Employment & Grossly Negligent Employment
### (Aegion and Insituform Defendants)

26. Plaintiff incorporates by reference the foregoing allegations stated in paragraphs 1-25, as though fully set forth herein.

27. Defendants Aegion/Insituform had a duty to hire qualified and safe employees and drivers.

28. Defendant Aegion/Insituform had a duty to train its employees to be safe employees and drivers.

29. Defendants Aegion/Insituform had a duty to supervise its employees and drivers.

30. Defendants Aegion/Insituform had a duty to promote safe driving practices amongst its employees that drive as part of their job duties.

31. Defendants Aegion/Insituform breached these duties when it hired Defendant Hall.

32. As a direct and proximate result of Defendants Aegion/Insituform's negligence/gross negligence, Plaintiff sustained injuries as detailed above.

## THIRD CAUSE OF ACTION
### Negligent Entrustment/Grossly Negligent Entrustment
### (Aegion and Insituform Defendants)

33. Plaintiff incorporates by reference the foregoing allegations stated in paragraphs 1-32, as though fully set forth herein.

34. Defendants Aegion/Insituform had a duty to only permit safe drivers to drive its trucks and vehicles.

35. Defendants Aegion/Insituform had a duty to not allow careless, reckless, and incompetent or otherwise distracted drivers, to operate and drive its trucks and vehicles.

36. Defendants Aegion/Insituform breached these duties to Plaintiff when it permitted Defendant Hall to operate and drive its truck and/or vehicle.

## FOURTH CAUSE OF ACTION
### Respondeat Superior
### (Aegion and Insituform Defendants)

37. Plaintiff incorporates by reference the foregoing allegations stated in paragraphs 1-36, as though fully set forth herein.

38. At the time of the occurrence described above, Defendants Aegion and/or Insituform was the employer of Defendant Hall, its employee.

39. At the time of the occurrence described above, Defendants Aegion and/or Insituform, had the right to control the actions of Defendant Hall.

40. At the time of the occurrence described above, Defendant Hall was acting as an employee of Defendants Aegion and/or Insituform, in the course and scope of his employment.

41. At the time of the occurrence described above, Defendant Hall was acting for and in the benefit of Defendants Aegion and/or Insituform.

42. Therefore, any fault on the part of Defendant Hall, may likewise be charged to Defendants Aegion and/or Insituform.

## DAMAGES

43. As a result of the negligence described above, the Plaintiff has suffered damages well in excess of $75,000.00.

44. Said damages were caused by the Defendants' negligence.

45. Said damages include, but are not limited to, the following:

    a. Health care bills and expenses of the Plaintiff, William Shake, incurred in the past in an amount not less than $149,752.89;

Complaint-6

b. Future health care bills and expenses of the Plaintiff, William Shake, estimated to be no less than $6,353,078.66;

c. Past lost wages, future lost wages, and lost earning capacity;

d. Pain and suffering of the Plaintiff, William Shake including but not limited to, traumatic brain injury, mental anguish, damage to his familial relationships.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays and is entitled to relief as follows:

1. Non-Economic Damages, jointly and severally, against all Defendants in an amount in accordance with the proof at the time of trial;

2. Economic Damages, jointly and severally, against all Defendants for all medical and incidental expenses, according to proof at the time of trial, but for not less than $7,500,000.00;

3. For interest on the economic damages at the statutory rate;

4. For costs of suit, including attorneys' fees herein incurred;

5. All other damages against Defendants in an amount proven at the time of trial

6. Any other relief as the Court deems proper and just.

DATED this 10th day of October, 2023.                **MOXIE LAW GROUP**

*/s/ Kara H. North*
Kara H. North
Jill L. Coil
Counsel for Plaintiff

Complaint-7